

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXIIXXXXXXSON
ATTORNEY GENERAL

Honorable Allen C. Wilson
County Attorney
Kendall County
Boerne, Texas

Dear Sir:

Opinion No. O-585

Re: In cases where a school district employs the county tax assessor and collector to assess and collect its taxes, may the trustees of such district instruct said assessor-collector to increase the levy in accordance with a vote of said independent school district or must the secretary of said board first notify the commissioners' court as to such increase and they in turn levy the tax and notify the tax assessor and collector of such levy.

We are in receipt of your letter of April 1, 1939, in which you ask whether it is necessary for the secretary of a school board of an independent school district to notify the commissioners' court of an increase in tax levy voted by such district and have said commissioners' court notify the tax assessor-collector of the county, who also collects and assesses for said district, or whether or not said board of trustees may directly notify said collectorassessor of the increase.

The answer to your question depends upon whether the county commissioners' court must make the levy of the taxes on the property in said independent school district or whether said district may make the levy itself. An examination of the pertinent statute indicates that in the case of an independent school district the board of trustees annually levies and causes to be assessed and collected the school tax. Article 2790, Revised Civil Statutes of Texas, reads in part as follows:

"If an independent school district votes a maintenance tax, the board of trustees shall thereafter annually levy and cause to be assessed and collected upon the taxable property in the limits of the district for the maintenance of the public

free schools of the said district such ad valorem
tax as the qualified voters of such district au-
thorized at the election held for that purpose;
. . . ."

This statute may be contrasted to the statute relat-
ing to the levy of common taxes which is Article 2795 of the
Revised Civil Statutes.   In the case of Common School Dis-
trict the county commissioners' court itself levies the tax.
Said Article reads, in part, as follows:

"The Commissioners' Court, at the time of
levying taxes for county purposes, shall also
levy upon all taxable property within any com-
mon school district the rate of tax so voted if
a specific rate has been voted; . . ."

Under Article 270⁻ of the Revised Civil Statutes an
independent school district may employ a district tax asses-
sor and collector.  Also under Article 2792, Revised Civil
Statutes, a county assessor may be employed for an independ-
ent school district.  Said Article reads, in part, as fol-
lows:

"When a majority of the board of trustees of an
independent district prefer to have the taxes of
their district assessed and collected by the county
assessor and collector, or collected only by the
county tax collector, same shall be assessed and col-
lected by said county officers and turned over to
the treasurer of the independent school district for
which such taxes have been collected.  ...."

There is nothing in either Article 2790 or Article
2792, which directs the secretary of the board of trustees to
first notify the county commissioners' court of an increase
in the amount of levy for school taxes which had been voted
by a district.  As pointed out in Article 2790, the school
district itself through its trustees makes the tax levy,
and not the county commissioners' court.  We are unable to
find any authority or any part of the school law which would
require the notification of the county commissioners' court
in this case before notification of the assessor-collector
himself.

It is the opinion of this Department, therefore, that
when the county tax assessor-collector who is also the asses-
sor-collector of an independent school district is notified
of an increase in the amount of levy voted by an independent
school district that he should include the increase on his tax

roll and it is not necessary for him to have been notified of such increase by the county commissioners' court.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Billy Goldberg
Billy Goldberg
Assistant

BG:LM:wc


APPROVED SEP 16, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By EWO Chairman